**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
ALPINE DIVISION**

| | | |
|---|---|---|
| JEANNETTE NAVARRO; | § | |
| Individually and as Next Friend of | § | |
| S.R., a minor child; and | § | |
| TOMAKA BROWNING, | § | |
| | § | |
|     Plaintiffs | § | |
| | § | Case No. 7:19-cv-00052 |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| FEDEX GROUND PACKAGE | § | |
| SYSTEM, INC., AND GREGORY | § | |
| JOHNSON | § | |
| | § | |
|     Defendants | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JEANNETTE NAVARRO, individually and as next friend of S.R., a minor child, and TOMAKA BROWNING (hereinafter collectively "Plaintiffs"), for their complaint against FEDEX GROUND PACKAGE SYSTEM, INC., and GREGORY JOHNSON (hereinafter "FedEx" and "Johnson", and collectively "Defendants") would show the Court as follows:

### I.

### Nature of the Case

1.     This suit is brought by three individuals who suffered severe injuries as a result of Defendants' negligence.

## II.

## **Jurisdiction and Venue**

2.      Subject matter jurisdiction is appropriate in the Honorable Court under 28 U.S.C. §§ 1332 because there is complete diversity of citizenship and the amount at issue is in excess of $75,000.

3.      This Court has jurisdiction and venue is proper because a substantial part of the events giving rise to this claim occurred in Ward County. 28 U.S.C.A. § 1391.

## III.

## **Parties**

4.      Plaintiff, JEANNETTE NAVARRO, is an adult resident citizen of Tom Green County, Texas, and was the operator of the vehicle that was struck by the tractor-trailer vehicle combination operated by Defendants.

5.      Plaintiff, TOMAKA BROWNING, is an adult resident citizen of Tom Green County, Texas, and was a passenger in Plaintiff Navarro's vehicle that was struck by the tractor-trailer vehicle combination operated by Defendants.

6.      Plaintiff, S.R. is a minor child and is represented by next friend, JEANNETTE NAVARRO and was a passenger in Plaintiff Navarro's vehicle that was struck by the tractor-trailer vehicle combination operated by Defendants. Plaintiff S.R. is a minor represented by her mother Jeannette Navarro.

7.      Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., is an entity, with its principal office located at 1000 Fedex Dr., Coraopolis, Pennsylvania, 15108. FEDEX GROUND PACKAGE SYSTEM, INC. may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201. Defendant FEDEX

GROUND PACKAGE SYSTEM, INC. was the employer of Defendant JOHNSON at the time of the incident made the basis of this complaint and was the owner of the commercial motor vehicle being driven by Defendant JOHNSON at the time of the incident made the basis of this complaint.

8.      Defendant, GREGORY JOHNSON, is an adult resident citizen of Durham County, North Carolina, and may be served personally at his residence of 808 Poplar St. Durham, North Carolina, 27703 or wherever he may be found. JOHNSON was a truck driver for Defendant FEDEX GROUND PACKAGE SYSTEM, INC. at the time of the incident made the basis of this complaint.

## IV.

## Facts

9.      On or about October 26, 2018, Plaintiffs suffered severe injuries as a result of Defendants' negligence. Plaintiff Navarro was driving westbound along I-20 in Ward County, Texas with passengers Plaintiff Browning and S.R., when suddenly and unexpectedly, Defendants' commercial 18-wheeler, driven by Defendant Gregory Johnson, made a left lane change without looking and violently collided into Plaintiff's vehicle. The commercial motor vehicle in question was a daisy-chained 18-wheeler for FedEx that included two trailers. At all times pertinent to this accident, Defendant Johnson was operating the commercial vehicle within the course and scope of his employment with Defendant FedEx.  Defendant FedEx was in  the furtherance of their business at all times during this accident.  Following the accident, Defendant Johnson was ticketed for changing lanes when unsafe to do so. As a result of the incident, Plaintiffs suffered injuries to their head, neck, back, and other parts of their bodies.

## V.

## Causes of Action

A.    *Negligence Against All Defendants.*

10.    Plaintiff repeats and realleges each allegation contained above.

11.    Plaintiffs sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to use proper speed management techniques;

- Failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

- Failed to use proper visual search methods;

- Failed to properly train their driver;

- Failed to use proper hazard perception techniques;

- Failed to maintain a safe distance;

- Failed to keep a proper lookout;

- Failed to take reasonable evasive action to avoid causing a wreck;

- Failed to conduct safe lane changes;

- Caused the occurrence made the basis of this lawsuit;

- Other acts so deemed negligent and grossly negligent.

12.    The negligence of the Defendants was a direct proximate cause of the occurrence and resulting injuries.

13.    As a result of Defendants' negligence, Plaintiffs suffered severe physical injuries.  Plaintiffs are entitled to recover for their injuries.  Defendants' actions were done

4

with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**B.**     ***Negligent Hiring Against FedEx Ground Package System, Inc.***

14.     Plaintiff repeats and realleges each allegation contained above.

15.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of its driver as a potential employee.

- Failure to properly follow up on information not provided by its driver in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate its driver's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of its driver.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a truck on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**C.**     ***Negligent Training Against FedEx Ground Package System, Inc.***

16.     Plaintiff repeats and realleges each allegation contained above.

17.     Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to its driver.

- Failure to provide the necessary training to its driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including its driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.     *Negligent Supervision, Retention, and Monitoring Against FedEx Ground Package System, Inc.***

18.     Plaintiff repeats and realleges each allegation contained above.

19.     Plaintiffs sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor its driver to make sure that he was complying with policies and procedures.

- Failure to interview and test its driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including its driver, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise its driver to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.    *Ratification Against FedEx Ground Package System, Inc.***

20.    Plaintiff hereby incorporates Paragraphs 1-19 as though fully stated herein.

21.    Defendant FedEx Ground Package System, Inc. is responsible for the negligence and gross negligence of Defendant Gregory Johnson under the theory of ratification because Defendant:

   a. Retained Defendant Gregory Johnson after he committed the underlying tortious acts;

   b. Knew of Defendant Gregory Johnson's tortious acts;

   c. Recognized that Defendant Gregory Johnson will likely continue to be negligent if he is retained;

   d. Recognized that Defendant Gregory Johnson will likely continue to be grossly negligent if he is retained;

   e. Failed to take adequate measures to prevent Defendant Gregory Johnson from committing future tortious acts; and

   f. Otherwise adopted, confirmed, or failed to repudiate Defendant Gregory Johnson's negligent and grossly negligent conduct after Defendant FedEx Ground Package System, Inc. gained knowledge of the conduct.

22.    As a result of Defendant Gregory Johnson's negligent and grossly negligent conduct, which Defendant FedEx Ground Package System, Inc. ratified, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for his injuries. Defendant Gregory Johnson's actions were done with a reckless disregard to a substantial risk of severe bodily injury—and Defendant FedEx Ground Package System, Inc. ratified Defendant Gregory Johnson's grossly negligent conduct. As such, Plaintiff is entitled to recover

exemplary damages from Defendant Gregory Johnson and Defendant FedEx Ground Package System, Inc.

## RESPONDEAT SUPERIOR AGAINST FEDEX GROUND PACKAGE SYSTEM, INC.

23      At the time of the occurrence of the act in question and immediately prior thereto, Defendant Johnson was within the course and scope of employment for Defendant FedEx Ground Package System, Inc.

24.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Johnson was engaged in the furtherance of FedEx Ground Package System, Inc.'s business.

25.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Johnson was engaged in accomplishing a task for which Defendant Johnson was employed.

26.     Plaintiffs invoke the doctrine of *Respondeat Superior* as against Defendant FedEx Ground Package System, Inc.

## AGENCY

27.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant FedEx Ground Package System, Inc., occurred within the scope of the actual or apparent authority of such person on behalf of these Defendants.

28.     Therefore, FedEx Ground Package System, Inc. is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## VI.

## Damages

29.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, Jeannette Navarro, individually and as next friend of S.R., a minor child, and Tomaka Browning, were caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages:

      a)  Compensatory damages against Defendants;

      b)  Actual damages;

      c)  Consequential damages;

      d)  Pain and suffering;

      e)  Exemplary damages

      f)  Past and future mental anguish;

      g)  Past and future impairment; and

      h)  Past and future disfigurement.

      i)  Such other and further relief as the Court may deem just and proper.

## VII.

## Prayer

30.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-

judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

## VIII.

## Jury Trial Demanded

31.     Plaintiff hereby demands a trial by jury.


Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*
_____
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Micajah D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
Alison Baimbridge
SBN: 24040160
abaimbridge@arnolditkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

*ATTORNEYS FOR PLAINTIFF*